IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                             ORDER

                 Plaintiff,

                                                    10-cv-165-bbc
                                                    08-cr-152-bbc

   v.

TIMOTHY ROBINSON,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Timothy Robinson filed a motion for post conviction relief on March 29, 2010, contending that he had asked his attorney to appeal the sentence imposed upon him in 08-cr-152-bbc.  In an order entered on April 6, 2010, I set the matter for an evidentiary hearing to determine whether defendant had made an express request of his attorney to appeal his sentence or whether his counsel failed to consult with him about appealing.

      At the evidentiary hearing, which was held on July 21, 2010, I found that defendant Timothy Robinson asked his counsel on two occasions to appeal his sentence and that counsel failed to do so.  The evidence was sparse; defendant did not elaborate on what he said to his counsel and counsel did not have an independent recollection of the discussion

1

he had with defendant on the second occasion. Counsel does remember that on the first occasion when defendant asked about an appeal, he said that it would be pointless because defendant received the lowest possible sentence for his crime (the mandatory minimum penalty of ten years). Counsel remembers telling defendant at this time that if defendant believed counsel had been ineffective in investigating the case and in the advice he gave defendant, the vehicle for appealing those issues was a post conviction motion. Counsel told defendant he could raise those matters in a direct appeal but the court of appeals would be unable to decide them because its review would be limited to the record of the criminal case and that record would not show what did or did not happen outside the courtroom.

    Counsel's second meeting with defendant took place eight days after sentencing. The primary purpose of the meeting was to determine whether defendant was willing to cooperate with the government and testify against his uncle, Jeffrey Robinson, at Jeffrey Robinson's sentencing. In his plea agreement, defendant had agreed to cooperate and to testify, but he was unwilling to do either of these things when it came to his uncle, even though counsel made it clear to him that it was the only way he could receive a sentence of less than ten years. As noted, counsel does not have any independent recollection of discussing an appeal with defendant at this second post sentencing meeting. He did not send defendant a letter confirming the decision not to file an appeal, although this would have been his normal practice. Defendant never communicated with his counsel or the

2

court to learn whether an appeal had been filed. His first communication on the matter was this motion for post conviction relief.

It is possible that defendant is not telling the truth about his conversations with counsel. Having observed him testify, however, I think it is more likely that he believed at the time he talked to counsel that he was expressing a desire to appeal his sentence. It is understandable that counsel may not have understood defendant's comments as a request for an appeal; defendant is not a particularly articulate person and he appears to lack any detailed or sophisticated understanding of the criminal justice system. Defendant is bent on appealing, despite counsel's explanation to him of the futility of doing so when he received the lowest possible sentence for his crime.

Defendant is entitled to an appeal, even if he has little or no chance of prevailing. I find that he made an express request of his counsel to take an appeal. Under <u>Castellanos v. United States</u>, 26 F.3d 717 (7th Cir. 1994), it is appropriate to vacate his conviction and reinstate it so that he can file a belated appeal. <u>Id.</u> at 720.

ORDER

IT IS ORDERED that defendant Timothy Robinson's motion for post conviction relief under 28 U.S.C. § 2255 is GRANTED and the judgment and commitment order entered in this case on March 13, 2009, is VACATED and REINSTATED as of today's date.

3

Defendant has ten days in which to file an appeal.

Entered this 21st day of July, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

4